IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| S.E, a minor by Next Friend, STEPHANIE C. MITCHELL, and STEPHANIE C. MITCHELL, <br><br> *Plaintiffs,* <br><br> -vs- <br><br> VALENTIN CHMERKOVSKIY, MICHAEL SMAIL, and CBS CORPORATION, <br><br> *Defendants.* | Case No. _____ <br><br> **JURY DEMAND** <br><br> 1. WRONGFUL FALSE LIGHT INVASION OF PRIVACY; <br> 2. MISAPPROPRIATION OF LIKENESS; <br> 3. DEFAMATION; <br> 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; <br> 5. TENNESSEE PERSONAL RIGHTS PROTECTION ACT, T.C.A. § 47-25-1105; <br> 6. INJUNCTIVE RELIEF |

## VERIFIED COMPLAINT

COME NOW THE PLAINTIFFS, S.E., a minor by and through her Next Friend, STEPHANIE C. MITCHELL, and STEPHANIE C. MITCHELL and file this Complaint, and would respectfully state as follows:

### I.
### Introduction

1. The Plaintiffs, S.E., joined by her next friend and mother, Stephanie C. Mitchell, bring this action for wrongful false light invasion of privacy, misappropriation of likeness, intentional infliction of emotional injury, violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105 and defamation, arising out of the Defendants' public and commercial use, cropping and display of the Plaintiff, S.E.'s image and likeness on various Internet and social media websites, coupled with false and defamatory descriptions and commentary about the Plaintiff, S.E. displaying her image

under such derogatory headings and descriptions as a victim of "Child Abuse" "Busted Fat Girl" and "Everything That's Wrong With America" and other offensive and defamatory mischaracterizations. Plaintiffs seek to recover actual damages for severe mental anguish and emotional distress, humiliation, embarrassment, fear, and other non-economic damages. As a further consequence of the Defendants' malicious, intentional and tortious actions, the Plaintiffs have suffered injury for which they seek punitive damages. Plaintiffs seek permanent injunctive relief enjoining the Defendants, and those acting in concert with them, from any further publication or distribution of any images of the Plaintiff S.E.

## II.
## Jurisdiction and Venue

2. This court is vested with jurisdiction to adjudicate all claims presented in this case pursuant to 28 U.S.C. § 1331, this being a case involving diversity of citizenship of the parties. In addition, venue is proper in this federal district since the Plaintiff resides here and the claims all arose in the Middle District of Tennessee.

## III.
## Parties

3. Plaintiff, S.E. is a minor citizen and resident of Springfield, Robertson County, Tennessee. She was diagnosed at birth with Down syndrome, a chromosomal disorder characterized by a combination of birth defects, including impairment of certain brain functions and other physical and mental abilities and characteristic facial and physical features.

4. Plaintiff, Stephanie C. Mitchell, is the natural mother of S.E. and is an adult citizen and resident of Springfield, Robertson County, Tennessee.

2

5. Defendant **VALENTIN CHMERKOVSKIY** is an adult resident of the State of California. He is a celebrity Ukrainian professional dancer, best known for his appearances on the popular CBS television broadcast "*Dancing with the Stars*". This Defendant may be served with process at DWTS Reception, 7800 Beverly Blvd, Los Angeles, CA 90026.

6. Defendant, **MICHAEL SMAIL** is an adult citizen and resident of the State of Illinois. This Defendant may be served with process at 1300 S Lake Shore Drive, Chicago, IL 60605.

7. Defendant, **CBS CORPORATION** is an American mass media corporation focused on commercial broadcasting, publishing, and television production, with most of its operations in the United States. The president and chief executive of the company is Leslie Moonves. Its corporate headquarters is located at W. 52nd Street, New York, NY 10019-6188. Its registered agent for service of process is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543. At all times relevant to the allegations in this Complaint, this Defendant owned and operated a website known as www.cbsnews.com

## IV.
### Facts

8. On or about June 1, 2008, S.E. attended a baseball game between the Nashville Sounds and the Iowa Cubs at Hershel Greer Stadium in Nashville, Tennessee. At the time she was 8 years old.

9. The Defendant, Michael Smail, also attended this baseball game on June 1, 2008. Unbeknownst to the Plaintiff or those accompanying her, Mr. Smail took an

unauthorized photograph of S.E. while she was standing outside the stadium in the vicinity of the concession stand.

10. On or about June 1, 2008, Defendant Smail posted the photograph he had taken of S.E. on his *Flickr* Account under the following sub-heading: ***"Everything that's wrong with America."*** The posting generated 14,192 views and more than a dozen comments, including one by a viewer who inquired: *"Does the girl have Down syndrome?"*

11. On or about February 2, 2014, a meme containing the same photograph and likeness of S.E. taken in 2008 was posted to the Internet on a website: www.cbsnews.com  This meme contained the derogatory statement in bold letters: "BUSTED" emblazoned across S.E.'s image. This website is owned by the Defendant CBS Corporation which is solely responsible for its content.

12. On January 11, 2016, Defendant Valentin Chmerkovskiy posted the following meme on his public Facebook featuring a copy of this same photograph of S.E. The meme was captioned: ***"Letting your kid become obese should be considered child abuse."***



13. Individuals with Down syndrome have a significantly higher incidence of endocrine problems than the general population. The endocrine system refers to a set of glands that include the thyroid, adrenal and pituitary glands.

14. On or about January 14, 2016, S.E. first became aware of the existence of her photograph taken by Defendant Smail on June 1, 2008 when her older sister discovered the photograph on the Defendant Valentin Chmerkovskiy's Facebook page.

15. Since the Defendant Chmerkovskiy posted the Plaintiff's photograph to his Facebook account, this image of the Plaintiff has gone viral to more than a quarter million followers, comparing the Plaintiff's physical disability and weight to child abuse.

16. Stephanie Mitchell, the mother of S.E. sent several email requests to Mr. Chmerkovskiy requesting that he remove her daughter's photograph from his Facebook site, but he refused to respond to any of her emails.

17. On January 11, 2016, Defendant Chmerkovskiy did post a false, defamatory and insulting comment regarding S.E. and her mother. His comment began: *"I am truly sorry for the lack of sensitivity. . . but on some level I have to agree."* He then poked fun at the Plaintiffs with the following closing comment: *"You're handicapping your kid, and they're defenseless. They don't know better, that's why you're there. . . anyway I'm just a childless preacher, but here's some food for thought. #nopunintended."*

18. Plaintiff alleges that the defamatory images and memes were intentional, deliberate and malicious and have proximately caused the Plaintiff to suffer severe mental anguish and emotional distress with manifestations that impact their daily lives

5

and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages.

## III.
## Causes of Action

### COUNT I
### Tennessee Personal Rights Protection Act
### Tenn. Code Ann. § 47-25-1105

19. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 17 above, and Plaintiffs do further allege as follows:

20. The Defendants, and each of them, are liable to the Plaintiffs for their actions which constitute a violation of the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1105. This code section provides, in relevant part, as follows:

> **Tenn. Code Ann.§ 47-25-1105. Unauthorized Use.**
>
> (a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of advertising products, merchandise, goods, or services, or for purposes of fund raising, solicitation of donations, purchases of products, merchandise, goods, or services, without such individual's prior consent, or, in the case of a minor, the prior consent of such minor's parent or legal guardian, or in the case of a deceased individual, the consent of the executor or administrator, heirs, or devisees of such deceased individual, shall be liable to a civil action.
>
> (b) In addition to the civil action authorized by this section and the remedies set out in § 47-25-1106, any person who commits unauthorized use as defined in subsection (a) commits a Class A misdemeanor.
>
> (c) It is no defense to the unauthorized use defined in subsection (a) that the photograph includes more than one (1) individual so identifiable; provided, that the individual or individuals complaining of the use shall be represented as individuals per se rather than solely as members of a definable group represented in the photograph.

21. Pursuant to Tenn. Code Ann.§ 47-25-1106(d), the Plaintiffs are entitled to judgment against each of the Defendants, individually, their actual damages suffered as a result of the Defendant's knowing use or infringement of the Plaintiffs' rights and any profits that are attributable to such use or infringement which are not taken into account in computing the actual damages. Profit or lack thereof by the unauthorized use or infringement of the Plaintiffs' rights are not a relevant criteria for determining the Defendants' liability.

## COUNT II
### False Light Invasion of Privacy

22. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 20 above, and Plaintiffs do further allege as follows:

23. The Defendants, and each of them, are liable to the Plaintiffs for compensatory damages arising out of their actions in displaying to the world deceptive, degrading, false, indecent, insulting and defamatory images of S.E. casting her in a false light and invading his personal privacy.

24. The actions by the Defendants have unreasonably and seriously interfered with the Plaintiffs' interest in not having their personal and family affairs known to others or, in the case of Stephanie Mitchell, having her daughter's likeness exhibited to the public.

25. The Defendants, and each of them, knew or should have realized that their actions would be offensive to persons of ordinary sensibilities and that this intrusion into the Plaintiffs' personal lives would exceed the bounds of human decency.

26. As a direct and proximate result of the Defendant, Michael Smail's intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

27. As a direct and proximate result of the Defendant, Valentin Chmerkovski's intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

28. As a direct and proximate result of the Defendant, CBS Corporation's intentional false light invasion of the Plaintiffs' privacy, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

## COUNT III
### Misappropriation of Likeness and Image

29. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 27 above, and Plaintiffs do further allege as follows:

30. The actions of the Defendants, and each of them, in exploiting the Plaintiff S.E.'s image without the consent or authorization of the Plaintiff, Stephanie Mitchell renders each of the Defendants liable to the Plaintiff, S.E. for the misappropriation and exploitation of her image and likeness.

31. As a direct and proximate result of the Defendant, Michael Smail's misappropriation of the Plaintiff S.E.'s image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

32. As a direct and proximate result of the Defendant, Valentin intentional Chmerkovskiy's misappropriation of the Plaintiff S.E.'s image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

33. As a direct and proximate result of the Defendant, CBS Corporation's intentional misappropriation of the Plaintiff S.E.'s image and likeness, the Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

## COUNT IV
## Intentional Infliction of Emotional Distress

34. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 32 above, and Plaintiffs do further allege as follows:

35. The Defendants each individually through their own independent actions as set forth herein are liable to the Plaintiffs for the tort of intentional infliction of emotional distress.

36. The Defendant's exceed the bounds of human decency to the point of being outrageous and their actions have inflicted severe emotional injury on the Plaintiffs entitling them to an award of compensatory and punitive damages.

## COUNT V
## Defamation

37. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 35 above are incorporated herein by reference, and Plaintiffs do further allege as follows:

38. The statements of the Defendant Valentin Chmerkovskiy published about the Plaintiffs were false and were made by him with the knowledge of their falsity, or with reckless disregard for the truth and accuracy of such statements.

39. As a direct and proximate result of the Defendant, Valentin Chmerkovskiy's false and defamatory statements about the Plaintiffs, they have suffered, and continue to suffer, severe mental anguish and emotional distress with manifestations that impact their daily lives and routines, humiliation, embarrassment, fear, and other

non-economic damages and also their economic damages for which this Defendant is liable to the Plaintiffs for compensatory and punitive damages.

### COUNT VI
### Injunctive Relief

40. Plaintiffs incorporate by reference herein the allegations contained in ¶ 1 through 38 above, and Plaintiffs do further allege as follows:

41. The Plaintiffs have suffered, and will continue to suffer irreparable injury if the Defendants are not enjoined from the further publication and distribution of the image and likeness of the Plaintiff S.E.

WHEREFORE, PLAINTIFFS REQUEST:

1. That they be allowed to file this Verified Complaint, and that process issue to each of the Defendants requiring them to respond within the time required under the Federal Rules of Civil Procedure;

2. That at the trial of this cause, the Plaintiffs be awarded judgment against the Defendants as follows:

   a. Judgment against Michael Smail for compensatory damages in the amount of Three Hundred Thousand Dollars ($300,000);

   b. Judgment against Michael Smail for punitive damages in the amount of Three Hundred Thousand Dollars ($300,000);

   c. Judgment against Valentin Chmerkovskiy compensatory damages in the amount of Three Million Dollars ($3,000,000);

   d. Judgment against Valentin Chmerkovskiy for punitive damages in the amount of Three Million Dollars ($3,000,000);

e. Judgment against CBS Corporation for compensatory damages in the amount of Three Million Dollars ($3,000,000);

f. Judgment against CBS Corporation for punitive damages in the amount of Three Million Dollars ($3,000,000);

3. That this court issue a permanent injunction enjoining and restraining the Defendants, their agents, employees, attorneys and all persons acting in concert with them from any further use, publication or dissemination of the Plaintiff S.E.'s image or likeness, and further ordering the Defendants to remove all traces of this Plaintiff's image or likeness from any and all forms of media, including digital and print.

4. That Plaintiffs have such further general and statutory relief as to which they may be entitled, including court costs and reasonable attorney's fees.

5. Plaintiffs demand a jury of six to hear and try all issues properly submitted to a trier of fact.

This _____ day of January, 2016.

Respectfully submitted,

_____
LARRY L. CRAIN, ESQ.
Tenn. Sup.Crt. No. 9040
**CRAIN, SCHUETTE & ASSOCIATES**
5214 Maryland Way, Suite 402
Brentwood, TN. 37027
(615) 376-2600 Phone
(615) 345-6009 Fax
larry@csafirm.com

*Attorney for the Plaintiff*

## VERIFICATION

_Stephanie C. Mitchell_
STEPHANIE C. MITCHELL

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

The above-signed, Stephanie C. Mitchell, appeared in person before me, a Notary Public in and for said County and State, and did make oath that the information contained in the foregoing Verified Complaint was true and correct to the best of her knowledge, information and belief.

Sworn to and subscribed before me this 29th day of January, 2016.

_Janet L. Lemley_
NOTARY PUBLIC

My commission expires: 07/23/2017

[Notary Seal: JANET L LEMLEY, STATE OF TENNESSEE NOTARY PUBLIC, ROBERTSON COUNTY]

13