UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| S.E., a minor by Next Friend Stephanie C. Mitchell, and STEPHANIE C. MITCHELL, <br><br> Plaintiffs, <br><br> v. <br><br> VALENTIN CHMERKOVSKIY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:16-cv-95 <br> ) Judge Aleta A. Trauger <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss filed by defendant Valentin Chmerkovskiy (Docket No. 28), to which the plaintiffs have filed a Response in opposition (Docket No. 38) along with an Amended Complaint (Docket No. 39), and Mr. Chmerkovskiy has filed a Reply (Docket No. 40). For the reasons discussed herein, the motion will be denied

## BACKGROUND AND PROCEDURAL HISTORY

This action was filed on January 29, 2016. (Docket No. 1.) The Complaint alleges that plaintiff S.E. is a minor citizen who was diagnosed at birth with Down Syndrome, a chromosomal disorder characterized by a combination of birth defects, including mental and physical impairments and characteristic facial and physical features. (*Id*. at ¶¶ 3, 13.) The Complaint also alleges that individuals with Down Syndrome have a significantly higher incidence of problems with the endocrine system (the set of glands that include the thyroid, adrenal, and pituitary glands) than the general population. (*Id*.) Plaintiff Ms. Mitchell is S.E.'s mother, and both plaintiffs are residents of Springfield in Robertson County, Tennessee. (*Id*. at ¶¶ 3-4.) The Complaint further alleges that Mr. Chmerkovskiy – a celebrity professional dancer, best known for his television appearances on "Dancing with the Stars" – is a resident of

1

California, that defendant Michael Smail is a resident of Illinois, and that defendant CBS Corporation is based in New York, establishing that diversity jurisdiction is appropriate as to all defendants. (*Id*. at ¶¶ 5-7.) The Complaint then alleges the following facts as a basis for this action:

- On June 1, 2008, when she was eight years old, S.E. attended a baseball game at Hershel Greer Stadium in Nashville, Tennessee.

- Mr. Smail also attended the same baseball game and, unbeknownst to S.E. or anyone accompanying her that day, Mr. Smail took an unauthorized photograph of S.E. while she was standing outside the stadium near the concession stand (the "Photograph").[1]

- On or about June 1, 2008, Mr. Smail posted the Photograph on his *Flickr* account, with the sub-heading, "Everything that's wrong with America."

- On or about February 2, 2014, a meme of the Photograph with the statement "BUSTED" emblazoned across S.E.'s image in bold letters was posted on the internet website www.cbsnews.com, owned by CBS Corporation.

- On January 11, 2016, Mr. Chmerkovskiy posted on his public Facebook page another meme of the Photograph with the caption "Letting your kid become obese should be considered child abuse," and this image has been viewed by more than a quarter million of Mr. Chmerkovskiy's followers.

- Also on January 11, 2016, Mr. Chmerkovsky posted on his Facebook page the following statement regarding the Photograph: "I am truly sorry for the lack of sensitivity . . . but on some level I have to agree. . . . You're handicapping your kid, and they're defenseless.

---

[1] The Complaint contains what appears to be a copy of the Photograph, which shows a young girl (purportedly S.E.) in profile, drinking from what appears to be a large soda cup from the stadium concession stand. (Docket No. 1, p. 4.)

> They don't know better, that's why you're there . . . anyway I'm just a childless preacher, but here's some food for thought. #nopunintended."

- On or about January 14, 2016, S.E. became aware of the existence of the Photograph when her older sister discovered the Photograph on Mr. Chmerkovskiy's Facebook page.
- Ms. Mitchell sent several emails to Mr. Chmerkovskiy requesting that he remove the Photograph from his Facebook page, but he refused to respond.
- As a result, the plaintiffs have suffered severe mental anguish and emotional distress, including humiliation, embarrassment, and fear, which has impacted their daily lives.

(*Id.* at ¶¶ 8-12, 14-18.) Finally, the Complaint brings the following claims against all defendants under Tennessee law, seeking compensatory and punitive damages as well as an injunction prohibiting the defendants from any further publication or distribution of S.E.'s image: 1) violation of the Unauthorized Use provision of the Tennessee Personal Rights Protection Act ("TPRPA"), Tenn. Code Ann. § 47-25-1105, 2) false light invasion of privacy, 3) misappropriation of likeness and image, and 4) intentional infliction of emotional distress. (*Id.* at ¶¶ 19-36, 40-41.) The Complaint also brings a defamation claim against Mr. Chmerkovskiy. (*Id.* at ¶¶ 37-39.)

On March 31, 2016, the plaintiffs voluntarily dismissed all claims against CBS Corporation and CBS Interactive, Inc.[2] (Docket No. 15.)

Also on March 31, 2016, Mr. Smail filed a Motion to Dismiss all claims against him under Rule 12(b)(6), along with a Memorandum in support. (Docket Nos. 16, 17.) Mr. Smail argues that the false light invasion of privacy claim against him cannot proceed as to either plaintiff because the speech is protected under the First Amendment of the United States

---

[2] CBS Interactive, Inc. was not named as a defendant in the Complaint but may have been identified by the parties as potentially liable for the claims at issue.

Constitution as an opinion on a matter of public concern and because there are no allegations of actual malice. (*Id*.) Mr. Smail also argues that Ms. Mitchell's false light claim is unrecognizable because she is not the person who was allegedly placed in a false light and because her claim is barred by the applicable statute of limitations (though Mr. Smail concedes that the limitations period is tolled for the false light claim against him by S.E., since she is a minor). (*Id*.) Mr. Smail further argues that 1) the TPRPA claim against him cannot proceed because the posting to his Flickr account was not made for advertising purposes, 2) the misappropriation claim is not recognized in Tennessee or has been supplanted by the TPRPA, and 3) the plaintiffs have failed to state the elements of a claim for intentional infliction of emotional distress under Tennessee law, because there is no allegation of outrageous behavior. (*Id*.)

On June 1, 2016, defendant Valentin Chmerkovskiy filed a Motion to Dismiss the claims against him under Rule 12(b)(6), along with an accompanying Memorandum, raising the same grounds as Mr. Smail for dismissal of the TRPA, misappropriation, false light invasion of privacy, and intentional infliction of emotional distress claims. (Docket Nos. 28, 29.) Mr Chmerkovskiy also argues that the defamation claim fails for the same reasons as the false light invasion of privacy claim. (*Id*. at pp. 10-12.) Finally, Mr. Chmerkovskiy argues that no claim can proceed on behalf of Ms. Mitchell because the Photograph and accompanying statements concern S.E. and not her. (*Id*. at pp. 8, 12-14.)

On June 16, 2016, the court approved a settlement as to the plaintiffs' claims against Mr. Smail. (Docket No. 37.)

On June 30, 2016, S.E. filed a Response to Mr. Chmerkovskiy's Motion to Dismiss, conceding all claims in this action except the claim by S.E. against Mr. Chmerkovskiy for false light invasion of privacy. (Docket No. 38.) On the same day, S.E. filed an Amended Complaint

4

that names only Mr. Chmerkovskiy as a defendant and only S.E. (and not Ms. Mitchell) as a plaintiff. (Docket No. 39.) Additionally, the only claim that is asserted in the Amended Complaint is the claim for false light invasion of privacy under Tennessee law, for which the plaintiff again seeks compensatory relief as well as an injunction to stop Mr. Chmerkovskiy from continuing to publish and distribute her image. (*Id*.) S.E. no longer seeks punitive damages. (*See id*.) Other than narrowing the parties and claims in this way, there are no substantive changes to the underlying factual allegations other than 1) the Amended Complaint specifically emphasizes that individuals with Down Syndrome are genetically prone to obesity; 2) the Amended Complaint explicitly adds that the Photograph itself, as posted on Mr. Smail's Flickr account, placed a reasonable person on notice that S.E. has Down Syndrome, based on her physical and facial features evident in the Photograph; 3) the Amended Complaint alleges that Mr. Chmerkovskiy is an internationally known celebrity, whose Facebook page has several thousand followers and has received over 400,000 "likes"; and 4) the Amended Complaint explicitly adds, in several places, that Mr. Chmerkovskiy acted *recklessly*, where the initial Complaint stated only that he acted intentionally. (*Id*. at ¶¶ 1, 3, 7, 9, 10, 15, 19-20.)

On July 8, 2016, Mr. Chmerkovskiy filed a Reply to his Motion to Dismiss. (Docket No. 40.) Mr. Chmerkovskiy's Reply argues that the Amended Complaint was improperly filed without leave of court and should be stricken, though he concedes that the underlying factual allegations are not materially changed and asserts that, if the Amended Complaint is considered by the court, he renews the arguments in his Motion to Dismiss. (*Id*. at pp. 1-2.)

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

5

true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## ANALYSIS

Before turning to the merits of the Motion to Dismiss, the court first addresses Mr. Chmerkovskiy's assertion that the Amended Complaint was improperly filed without leave of court. Mr. Chmerkovskiy is correct that, under Rule 15, a pleading may be amended once as a matter of course only within 21 days after the service of a Rule 12(b) motion, and S.E.'s Amended Complaint was filed 29 days after Mr. Chmerkovskiy's Rule 12(b)(6) Motion to Dismiss. Fed. R. Civ. P. 15 ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a

6

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), of (f), whichever is earlier.") Indeed, in her Response, S.E. relies on an outdated version of Rule 15(a) (prior to the 2009 amendments), as well as cases citing this prior version of the rule, to assert that the Amended Complaint was properly filed as of right.[3] (See Docket No. 38, p. 2, n. 2.) The court finds, however, that this is a mere technicality, since S.E. has filed the Amended Complaint only for purposes of narrowing, rather than expanding, the claims and parties at issue in this action, and she has made no new material factual allegations. Accordingly, S.E.'s filings are treated no differently than had she simply filed a Response to the Motion to Dismiss conceding certain claims. If anything, the filing of the Amended Complaint makes it clearer for the parties and the court what remains at issue. The court will now turn to the merits of the parties' arguments regarding the sole remaining claim in this action, the claim for false light invasion of privacy by S.E. against Mr. Chmerkovskiy.

Tennessee recognizes the claim of false light invasion of privacy as a cause of action separate and distinct from defamation, to protect the rights of plaintiffs who "have had attributed to them certain qualities, characteristics, or beliefs that, while not injurious to their reputation, place those persons in an undesirable light." *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 645 (Tenn. 2001); *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38 (Tenn. Ct. App. 2013). In Tennessee, a false light claim requires that the defendant gave publicity to the plaintiff that places the plaintiff in a false light, that the false light is highly offensive to a reasonable person (as determined objectively), and that the defendant acted with knowledge or reckless disregard for the falsity of the publicized matter (as determined subjectively). *Id*. at 643-44 (quoting the

---

[3] The pre-2009 version of Rule 15(a) permitted a plaintiff to file an amended pleading once as of right at any time after a Motion to Dismiss, rather than an Answer, was filed. See Fed. R. Civ. P. 15, Notes on 2009 Amendment.

Restatement (Second) of Torts (1977), § 625E); *Seaton v. TripAdvisor, LLC*, 728 F.3d 592, 601 (6th Cir. 2013) ("*Seaton II*"); *Winslow v. Saltsman*, No. M2014-00574-COA-R3-CV, 2015 WL 6330403, *5 (Tenn. Ct. App. Oct. 21, 2015). According to *West*, the First Amendment rights of the defendant are protected by applying an actual malice element for statements that involve public officials, public figures, or matters of public concern, and this malice standard is met by showing the defendant had actual knowledge or reckless disregard for the falsity of the statement at issue. 53 S.W.3d at 647-48 ("the actual malice standard achieves the appropriate balance between First Amendment guarantees and privacy interests.").

There is no dispute that the postings by Mr. Chmerkovskiy were publicized, but Mr. Chmerkovskiy argues that 1) the postings cannot have placed S.E. in a false light because there were no statements of fact that are provably false – only statements of hyperbole and opinion about matters of public concern (the childhood obesity epidemic, the role of parents in promoting childhood obesity through unhealthy dietary choices, and the debate around access to large, sugary beverages as a dietary cause of obesity); and 2) there is no evidence to suggest that Mr. Chmerkovskiy had actual knowledge or reckless disregard for any falsity in his postings.

With respect to the falsity of the postings, the law in Tennessee is clear that, for a false light claim, the defendant need not have made a literally false statement; rather, it is sufficient that the defendant's statement either *implies* underlying facts that are false or that the overall context of the statement leads to *inferences* that cast the plaintiff in a false light. *See., e.g., Seaton v. TripAdvisor*, No. 3:11-cv-549, 2012 WL 3637394, *4-5 (E.D. Tenn. Aug. 22, 2012) *(aff'd by Seaton II)* (holding that, while the First Amendment of the United States Constitution and Section 19 of the Tennessee Constitution protect pure opinion, hyberbole, and rhetorical exaggeration, not all opinions are automatically protected, and opinions may give rise to liability

8

where they imply an assertion of fact or are based on erroneous information); *Eisenstein v. WTVF-TV, News Channel 5 Network, LLC*, 389 S.W. 3d 313, 317-18 (Tenn. Ct. App. 2012) (holding that literal truth is not a defense to a false light claim if "the angle from which the facts are presented, or the omission of certain material facts, results in placing the plaintiff in a false light."); *Clark v. EA Entm't Television, LLC* , 60 F. Supp.3d 838, (M.D. Tenn. 2014) (holding that a defendant's framing of a statement as an opinion does not immunize the statement from a false light claim, where the implication is that the statement is based on underlying facts that are untrue).

The parties dispute whether the postings by Mr. Chmerkovskiy could reasonably be construed as a factual assertion that S.E. was a victim of child abuse. Mr. Chmerkovskiy states that it is clear he was stating only the hyperbolic opinion that letting a child become overweight by not controlling her consumption is *akin* to child abuse, an opinion on a matter of public concern. (Docket No. 40, p. 2.) The court agrees that a reasonable person would not understand Mr. Chmerkovskiy's statement to be an actual statement of fact that S.E. is a victim of child abuse. However, by posting the photograph of S.E. drinking what appears to be a sugary beverage alongside this statement, the posting may create an inference of an underlying fact that S.E. has been given unhealthy dietary guidance by her family and is overweight as a result. Mr. Chmerkovkiy's subsequent Facebook comments implying that S.E. has been "handicapped" only bolster this implication. According to the Complaint, this implication is false and S.E.'s weight is a symptom of her Down Syndrome, rather than a result of parental negligence. And while the highly offensive nature of this implied statement must be found under an objective standard, the court cannot find as a matter of law that this standard is not met. Weight and physical appearance, as well as one's treatment by her parents and personal habits in the family, are

9

highly sensitive issues, and it will be for a jury to determine whether this qualifies as highly offensive to a reasonable person.

This case is very different from the cases cited by Mr. Chmerkovskiy where opinion statements were held not actionable, because those cases do not involve opinions that implicate underlying false factual assertions. *See Fasi v. Gannet Co., Inc.*, 930 F.Supp. 1403 (D.Haw. 1995) (defendant's likening of plaintiff's actions to extortion was mere opinion and not actionable where the underlying facts of what the plaintiff did were not in dispute); *Greenbelt Cooperative Publ'g Ass'n, Inc. v. Bresler*, 398 U.S. 6, 14 (1970) (same, but defendant likened plaintiff's actions to blackmail); *Cibenko v. Worth Publishers, Inc.*, 510 F.Supp. 761, 763-64 (D. N.J. 1981) (finding that a photograph of a police officer prodding an African American man that was accompanied by an academic query as to whether the officer would have done the same if the man were white did not reasonably imply an underlying fact that the officer was racially biased, where the underlying facts of the officer's actions were undisputed, he was a public official at work and so his photograph was subject to lesser protections, and the statement was aimed at exploring the nature of his actions in the context of police practices); *Seaton II*, 728 F.3d at 596-98 (holding that the hyperbolic statement that plaintiff's hotel was the dirtiest in America could not be reasonably understood as a statement of fact and was based on undisputed customer reviews, not implied untrue facts); *Shamblin v. Martinez*, No. M2010-00974-COA-R3-CV, 2011 WL 1420896, at *6 (Tenn. Ct. App. Apr. 13, 2011) (defendant's comments calling church leaders murderous based on their teachings about corporal punishment were not actionable, where there was no assertion that the underlying facts about church members' murder convictions for the beating death of their child, the church's teachings, or the fact that the church had given child-rearing advice to the parents, were untrue).

There does not appear to be any serious dispute between the parties as to whether Mr. Chmerkovskiy's postings relate to a matter of public concern, and the court finds that his statements about childhood obesity do, in fact, relate to a matter of public concern. Accordingly, the actual malice standard as laid out in *West* will apply. Because the falsity at issue here concerns the underlying facts implied by Mr. Chmerkovskiy's posting (that S.E.'s parents caused her to be obese by not restricting her consumption of things like sugary beverages), it is the falsity of those facts for which Mr. Chmerkovskiy must have had actual knowledge or reckless disregard. *Flatt v. Tennessee Secondary Sch. Athletic Ass'n*, No. M2001-01817-COA-R3-CV, 2003 WL 61251, *4 (Tenn. Ct. App. Jan. 9, 2003) ("Actual malice is usually defined in terms of knowledge of falsity or a reckless disregard for the truth of the matter published. But if the matter published does not have to be false to sustain a cause of action for false light invasion of privacy, malice must in that case be tested by a knowledge of or a reckless disregard for the false light in which the plaintiff will be placed.")

While Mr. Chmerkovskiy states that he did not know that S.E. had Down Syndrome, the allegations in the Complaint suggest that this fact might have been reasonably apparent from the Photograph and that, even after receiving emails from Ms. Mitchell which may have indicated that S.E. has Down Syndrome, Mr. Chmerkovskiy did not take down his postings. Mr. Chmerkovskiy argues that the fact of S.E.'s Down Syndrome is irrelevant to whether she was placed in a false light because it does not conclusively resolve the cause of her weight or the question of her treatment by her parents. (Docket No. 40, pp. 7-8.) The issue, however, is not whether S.E.'s Down Syndrome conclusively renders the statement false; it is that S.E.'s physical characteristics of Down Syndrome and their apparentness in the Photograph support a finding of a triable question of fact as to whether Mr. Chmerkovskiy had reason to doubt the

veracity of his implied statement that S.E. was obese due to parental mistreatment, and recklessly disregarded it. At the very least, there is nothing in the record to suggest that S.E. was actually given unhealthy dietary guidance by her family causing her to be obese or that Mr. Chmerkovskiy knew this to be the case. So it remains a question of fact to be developed whether Mr. Chmerkovskiy acted with the requisite malice in making public comments that placed S.E. in this light.

Accordingly, the court finds that S.E. has properly alleged the elements of a claim for false light under Tennessee law and this action may proceed.

## **CONCLUSION**

For the foregoing reasons, Mr. Chmerkovskiy's Motion to Dismiss is hereby **DENIED**.

Is it so **ORDERED**.

Enter this 17th day of November, 2016.

_____
ALETA A. TRAUGER
United States District Judge